956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re BOINEAU'S INCORPORATED, Debtor.
BOINEAU'S INCORPORATED, Plaintiff-Appellant,
v.
Charles E. BOINEAU; John C. Roland, Defendants-Appellees.
 No. 90-1165.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 22, 1992.
Decided March 3, 1992.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Charles E. Simons, Jr., Senior District Judge. (CA-89-1282-3-6, BK-88-3855)
 J. Marvin Mullis, Jr., Columbia, S.C., for appellant.
 Harold W. Jacobs, David B. Summer, Jr., Nexsen, Pruet, Jacobs & Pollard, Harry L. Goldberg, Finkel, Gexorgaklis, Goldberg & Sheftman, P.A., Columbia, S.C., John G. Felder, Felder, Prickett & Whetstone, St. Matthews, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Boineau's Inc. appeals from the denial of its appeal to the district court of the bankruptcy court's appointment of a trustee in a Chapter 11 case. Because the bankruptcy court's appointment of a trustee was not an abuse of discretion, we affirm. Boineau's, Inc., a South Carolina moving and storage company, filed for relief under Chapter 11 of the federal Bankruptcy Act following the removal of Charles Boineau [Charles], the appellee, as company president. Charles, a stockholder in and creditor of the company, filed a motion for the appointment of a trustee, based on gross mismanagement by his brother, Trippett Boineau, who was operating the company at the time. Testimony by Chuck Millan, Boineau's former vice-president for marketing, revealed that Trippett had terminated or driven off experienced personnel, was paying inexperienced personnel excessive salaries, and was recklessly destroying the business of the corporation. Trippett also allegedly placed his mistress on the corporate payroll at approximately $50,000 a year for virtually no benefit to the corporation. Other witnesses testified that basic financial records had not been kept or were missing, and that Trippett had removed financial documents from the company's offices to avoid examination by an accountant, in violation of a court order.
 
 
 2
 The bankruptcy judge found a sufficient showing of incompetence and gross mismanagement to warrant the appointment of a trustee pursuant to 11 U.S.C. § 1104(a) (1988). The district court denied Boineau's appeal to reverse the appointment, noting that "the record is replete with uncontradicted examples of gross mismanagement in the affairs of the debtor." Boineau's timely noted an appeal. During the pendency of these proceedings, the trustee has reportedly sold the assets of the corporation as a going concern.
 
 
 3
 Boineau's challenges the credibility and sufficiency of the evidence presented to support a finding of "gross mismanagement" on the part of the debtor under § 1104(a)(1). The lower court's factual findings supporting a finding of cause under § 1104(a) cannot be set aside unless they are clearly erroneous. In re Downtown Properties, Ltd., 794 F.2d 647, 651 (11th Cir.1986). Whether the behavior of a debtor constitutes cause to appoint a trustee is within the discretionary authority of the lower courts, and is reviewed for abuse of discretion. See Committee of Dalkon Shield Claimants v. A.H. Robins Co., Inc., 828 F.2d 239, 241-42 (4th Cir.1987).
 
 
 4
 The district court found that "the record is replete with uncontradicted examples of gross mismanagement in the affairs of the debtor." The evidence of Trippett's squandering corporate assets, hiding corporate records, and wrecking the business is plain and uncontradicted. Therefore the court's finding is not erroneous.
 
 
 5
 Given a record replete with uncontradicted examples of gross mismanagement in the affairs of the debtor, it was not an abuse of discretion for the bankruptcy court to have appointed a trustee. We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the briefs and the record, and argument would not aid in the decisional process.
 
 
 6
 AFFIRMED.